29459.122 TJY/adw

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PEGGIE ANN HOUPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 22-cv-3707 |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF REMOVAL

To: The United States District Court for the Northern District of Illinois.

Plaintiff's Counsel: Michael R. Richmond, Esq.
Heller & Richmond, Ltd.
33 N. Dearborn St., Suite 1907
Chicago, IL 60602
P: (312) 781-6700
mrichmond@hellerrichmond.com

Defendant MENARD, INC., by and through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, hereby provide notice pursuant to 28 U.S.C. §§1441 and 1446 of the removal of the above-captioned matter from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. The grounds for removal are as follows:

1. On June 6, 2022, Plaintiff Peggie Ann Houpe filed a Complaint at law in the Circuit Court of Cook County, Illinois, against Defendant Menard, Inc. (*See* **Exhibit A**, Plaintiff's Complaint).

2. Plaintiff's Complaint alleges that Plaintiff was injured as a proximate result of Defendant's negligence. (*See* **Exhibit A**).

**I.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER DIVERSITY PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

3. Plaintiff is an individual residing in Cook County, Illinois and is a citizen of the State of Illinois (*See* **Exhibit A**).

4. Defendant is a corporation duly organized and existing under the laws of Wisconsin, with its principal place of business in the State of Wisconsin, at 5101 Menard Drive, Eau Claire, Wisconsin. As such, Defendant is a citizen of the State of Wisconsin. (*See* **Exhibit B**, Corporate Disclosure Statement).

5. Plaintiff alleges that she was seriously injured and was caused to suffer diverse temporary and permanent disabling injuries to her head, body, mind, limbs and nervous system and other parts of her body; has endured pain and suffering and will continue to endure pain and suffering in the future; has incurred medical expense in the past and will incur medical expenses in the future; has become permanently injured and disfigured as a result of the accident; has been and will be prevented from attending to her usual affairs and duties and has lost; and will continue to lose great gains she would otherwise have made and acquired. She seeks a fair and reasonable sum in excess of Fifty Thousand Dollars plus costs and for such other and further relief that the court deem just and equitable.

6. Plaintiff's Complaint identifies a specific number of $72,500.00 as what she apparently deems to be fair and reasonable.

7. Subsequent to the filing of the Complaint, counsel for Menard has had communication with Plaintiff counsel about the case value. During those conversations, Menard's counsel has proposed a stipulation to Plaintiff counsel that Plaintiff's damages do not exceed $75,000.00. However, Plaintiff counsel will not agree to a stipulation on damages and, therefore, based on the serious injury claims being alleged, Menard seeks removal.

8. As Plaintiff counsel will not stipulate that the case does not have value less than $75,000.00, the United States District Court of the Northern District of Illinois has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(2)(c)(1), as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## II. THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE MET

7. Pursuant to 28 U.S.C. § 1441(a), true and correct copies of all process, pleadings, orders and other documents filed in the state court action are attached as Exhibit A.

8. Plaintiff's Complaint was served on Defendant Menard, Inc. on June 17, 2022. Section 1446(b)(1) requires a notice of removal to be filed within thirty days of the service of a complaint upon the defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (Thirty-day time limit for removal runs from date of formal service of the initial complaint).

Accordingly, the time period for Defendant Menard, Inc. to file its Notice of Removal runs to July 18, 2022. Because this Notice was filed on July 18, 2022, it was timely filed.

9. The United State District Court for the Northern District of Illinois presides in the locality in which the state court action is now pending. It is therefore a proper forum for removal. *See* 28 U.S.C. §§ 93(c), 1441(a).

10. A copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the state court. *See Id.* § 1446(d).

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendant Menard, Inc. respectfully demands a jury trial on all triable issues in this action.

## CONCLUSION

WHEREFORE, Defendant Menard, Inc. respectfully requests that this action be removed from the Circuit Court of Cook County, Illinois, and that this court accept jurisdiction over this action and place it on this court's docket for further proceedings, as though it was originally initiated in this court.

Date: July 18, 2022                     Respectfully submitted,

*/s/ Timothy J. Young*
Timothy J. Young (ARDC No. 6192231)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718/F: (312) 345-1778
Tim.Young@lewisbrisbois.com
***Attorneys for Menard, Inc.***